UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN RODGERS,

    Petitioner,                     Case No. 11-cv-10841

v.                           HONORABLE STEPHEN J. MURPHY, III

GREG McQUIGGIN,

    Respondent.
_____/

**ORDER TRANSFERRING PETITION FOR WRIT OF**
**<u>HABEAS CORPUS TO THE WESTERN DISTRICT OF MICHIGAN</u>**

    Petitioner Edwin Rodgers, currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, challenges his state court conviction of one count of third-degree criminal sexual conduct. Because the proper venue for the petition is in the Western District of Michigan, the Court will order the action be transferred there.

    28 U.S.C. 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

    When venue is inappropriate, a court may *sua sponte* transfer the petition to the appropriate federal district court. *See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813-14 (D.C. Cir. 1988) and *McCoy v. United States Board of Parole*, 537 F.2d 962, 965 (8th Cir. 1976)); *see also Wadsworth v. Johnson*, 235 F.3d 959, 963 (5th Cir. 2000) (dismissing habeas petition for

lack of jurisdiction because it was brought in improper district);

Rodgers was convicted in Allegan County and is presently incarcerated at the Chippewa Correctional Facility in Chippewa County. Both counties are in the Western District of Michigan. *See* 28 U.S.C. § 102(b). Venue is therefore appropriate only in the Western District. 28 U.S.C. § 2241(d). The Court will transfer the action there. *See, e.g.*, *Stackhouse v. Curtin*, No. 08-cv-10606, 2008 WL 544611, *1 (E.D. Mich. Feb. 27, 2008); *Manes v. Bell*, No. 07-cv-11716, 2007 WL 1228093, *1 (E.D. Mich. Apr. 23, 2007); *Smith v. Metrish*, No. 06-cv-12455, 2006 WL 1663311, *1 (E.D. Mich. June 08, 2006).

**WHEREFORE**, it is hereby **ORDERED** that the clerk of the Court shall **TRANSFER** the action to the United States District Court for the Western District of Michigan.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 11, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 11, 2011, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager